UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DORSETT-FELICELLI, INC., *d/b/a* Pyramids
and PYRAMIDS PRE-SCHOOL, INC.,

                            Plaintiffs,

   -against-                                   1:04-CV-1141
                                                                (LEK/RFT)
COUNTY OF CLINTON, PAULA CALKINS
LACOMBE, Individually and in her Official
Capacity as Director of the County of Clinton
Department of Public Health; and KATHERINE
O'CONNOR, Individually and in her Official
Capacity as Early Intervention Official and
Pre-School Related Service Coordinator; NORTH
COUNTRY KIDS, INC.; STEPHANIE GIRARD;
KELLY MCCAULEY; and MELISSA
PURCHALSKI,

                            Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Melissa Dorsett-Felicelli is the President and Executive Director of two corporations, Dorsett-Felicelli, Inc., *d/b/a* Pyramids (hereafter "Pyramids"), and Pyramids Pre-School, Inc. (hereafter "Pre-School") (collectively "Plaintiffs"). Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging that Defendants took retaliatory actions in violation of Dorsett-Felicelli's First Amendment rights. Currently before the Court is Plaintiff's Motion (Dkt. No. 33) to lift the stay imposed by Order of this Court on June 1, 2005 (June 2005 Order (Dkt. No. 27)), and continued by Order of September 14, 2005 (September 2005 Order (Dkt. No. 32)), and to return this matter to the

---

[1] For printed publication in the Federal Reporter.

1

Court's Calendar for discovery. Plaintiff has also filed a Letter Motion (Dkt. No. 37) requesting that this Court render a decision and disposition of the pending Motion (Dkt. No. 33) for the lifting of the Stay currently in place. Defendants have not opposed the Motion for lifting of the Stay, but have requested that the Court revisit their Motion to Dismiss (Dkt. No. 20), and find that the only remaining issue is one of punitive damages that are not recoverable against Defendants (as Defendants argue that this Court (Dkt. No. 27) determined to abstain from deciding the rest of Plaintiffs' claims). See Defts' Mem. of Law (Dkt. No. 36, Attach. 1).

The factual background of this case has been set forth in the prior Orders of this Court, familiarity with which is presumed. See June 1, 2005 Order (Dkt. No. 27); September 14, 2005 Order (Dkt. No. 32).

## II. Discussion

### A. The Stay is Hereby Lifted

Upon review of Plaintiff's Motion and supporting memorandum of law, declaration and exhibit (Dkt. No. 33, Attachs. 1-5), and given that Defendants do not oppose the lifting of the Stay as requested by Plaintiffs (see Defts' Mem. of Law (Dkt. No. 36, Attach.1) at 3, 5; Defts' Affid. of Lyons (Dkt. No. 36, Attach. 2) at ¶¶ 3-4), the Court hereby **lifts the stay** imposed by Order of June 1, 2005 (Dkt. No. 27), and continued by Order of September 14, 2005 (Dkt. No. 32).

### B. Defendants' Request for Revisiting and Reconsideration of Motion to Dismiss

As mentioned above, although Defendants do not oppose Plaintiff's request for the lifting of the Stay, Defendants do move this Court to revisit and reconsider their Motion to Dismiss upon the lifting of the Stay, and they have submitted a memorandum of law and affidavit in support of said

position.  See Defts' Mem. of Law (Dkt. No. 36, Attach.1) at 3, 5; Defts' Affid. of Lyons (Dkt. No. 36, Attach. 2) at ¶¶ 3-4.  The Court will now address this issue.

In an Order dated November 16, 2004, this Court determined that it would abstain from deciding the issues surrounding all of Plaintiffs' claims regarding declaratory or injunctive relief as related to the transfer of early intervention session hours, pursuant to the doctrine established by Younger v. Harris, 401 U.S. 37 (1971).  See November 16, 2004 Order (Dkt. No. 16).  That decision was re-affirmed in an Order of this Court dated June 1, 2005.  See June 1, 2005 Order (Dkt. No. 27). Upon the lifting of the Stay in the case at bar, the only remaining issue - as this Court understands - concerns Plaintiffs' request for punitive relief for the claimed First Amendment violations, which had been stayed pending the outcome of Plaintiffs' Article 78 proceeding in the State courts.  Id.

Defendants now posit that pursuant to Supreme Court precedent, stemming from the case of Newport v. Fact Concerns, Inc., 453 U.S. 247 (1980), this Court should revisit and grant the remainder of Defendants' Motion to Dismiss (Dkt. No. 20), as the municipality is immune from an award of punitive damages, punitive damages are not available against a defendant acting in his or her official capacity, and given the Court's abstention on all of the early intervention hours claims (except for punitive damages) there is no underlying claim upon which to base an award of punitive damages.  See Defts' Mem. of Law (Dkt. No. 36, Attach. 1) at 3.

Indeed, punitive damages are not available against municipalities, or against defendants in their official capacities.  See Newport, 453 U.S. at 271; Zaire v. Doe, No. 9:03-CV-629(FJS/RFT), 2006 WL 1994848, at *10 (N.D.N.Y. July 13, 2006) (Scullin, Senior D.J.).  Furthermore, Defendants are also correct that absent a valid and cognizable underlying claim, punitive damages are not available - given that a claim for punitive damages/relief is derivative and will not stand on

its own legs.  See 22 AM. JUR. 2D *Damages* § 551 (2006) (citing numerous cases).  And, from Plaintiffs' own submissions in support of lifting the Stay, it is clear that Plaintiffs were unsuccessful in their Article 78 proceeding in the State courts, and therefore appear to lack any valid underlying claim upon which to base a punitive damages award at either the State or Federal level.  See Plntfs' Submissions (Dkt. No. 33, Attachs. 1-5).

After review of, *inter alia*, the facts and the relevant law, the Court agrees with Defendants' position, and upon revisiting and reconsidering Defendants' prior Motion to Dismiss, **grants** the remainder of Defendants' Motion as concerns the only apparent remaining claim - Plaintiffs' request for punitive damages.  Thus, given this Court's prior decision to abstain on all but the punitive damages issue, and the Court's present decision to dismiss that claim, Plaintiffs' Complaint is hereby **dismissed**.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Letter Motion (Dkt. No. 37) requesting the Court's decision and disposition is **GRANTED**, in that this Court now renders decision in this matter concerning the lifting of the Stay currently in place; and it is further

**ORDERED**, that the **STAY** previously imposed by this Court by the Order dated June 1, 2005 (Dkt. No. 27), and continued by Order of this Court dated September 14, 2005 (Dkt. No. 32), is **LIFTED**; and it is further

**ORDERED**, that upon revisiting and reconsidering the remaining issues from Defendants' Motion to Dismiss (Dkt. No. 20), as it concerns the issues left undecided by this Court's prior Order of June 1, 2005 (Dkt. No. 27) (i.e. punitive damages for alleged First Amendment violations), the Court **GRANTS** the remainder of Defendants' Motion; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   September 26, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge