UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DORSETT-FELICELLI, INC., d/b/a
PYRAMIDS; PYRAMIDS PRE-SCHOOL,
INC.; and MELISSA DORSETT-
FELICELLI,

                      Plaintiffs,

      -against-                                  1:04-CV-1141 (LEK/RFT)

COUNTY OF CLINTON; PAULA
CALKINS LACOMBE, individually and
in her capacity as Director of the County
of Clinton Department of Public Health;
KATHERINE O'CONNOR, individually
and in her official capacity as Early
Intervention Official and Pre-School
Related Service Coordinator; NORTH
COUNTRY KIDS, INC.; STEPHANIE
GIRARD; KELLY McCAULEY; and
MELISSA PUCHALSKI,

                      Defendants.

_____

**DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court are a Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants County of Clinton, Calkins Lacombe, and Katherine O'Connor (collectively, "County Defendants") and a Motion and Letter Motion for entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) filed by North Country Kids, Inc., Stephanie Girard, Kelly McCauley, and Melissa Puchalski (collectively, "North Country Kids"). Dkt. Nos. 112 ("NCK Motion"); 115 ("NCK Letter Motion") (collectively with the NCK Motion, "North Country Kids' Motions"); 117 ("County Defendants' Motion"). For the following reasons, County Defendants'

Motion is granted and North Country Kids' Motions are denied as moot.

## II. BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case as set forth in detail in the Court's Memorandum-Decision and Order filed on March 22, 2011, and in the parties' previous filings. See Dkt. Nos. 1 ("Complaint"); 74 ("Amended Complaint"); 80-2; 109 ("March 2011 Order") at 2-4. The Court therefore recites here only the facts and procedure necessary to address the instant Motions.

### A. Factual Background

Dorsett-Felicelli, Inc., and Pyramids Pre-School ("Pyramids") (collectively, "Corporate Plaintiffs") were providers of early-intervention and pre-school services under a written agreement entered into between Corporate Plaintiffs and County Defendants. Dkt. No. 80-3 ("Provider Agreement"). Under the Provider Agreement, Corporate Plaintiffs agreed to provide early-intervention services to infants and toddlers with developmental delays and disabilities in exchange for reimbursement by County Defendants. Id. at 1, ¶ 10. County Defendants could terminate the Provider Agreement on thirty days' notice or immediately for cause. Id. ¶ 21.

Beginning in Fall 2003 and continuing through December 2003, both Pyramids and Melissa Dorsett-Felicelli ("Dorsett-Felicelli") (collectively with Corporate Plaintiffs, "Plaintiffs"), the chief executive officer, president, and executive director of Corporate Plaintiffs, complained to County Defendants that County Defendants had given independent-contractor status to individual service providers unlawfully and asked that County Defendants cease this illegal activity. Am. Compl. ¶¶ 9, 28-29. After Pyramids and Dorsett-Felicelli made their complaints, County Defendants transferred 57 weekly intervention sessions, representing $207,480 in yearly gross revenue, from Corporate Plaintiffs

to recently approved individual service provider North Country Kids, Inc., which had been formed by Defendants Girard, McCauley, and Puchalski, all of whom were former employees of Corporate Plaintiffs. Id. ¶¶ 31-42. County Defendants thereafter continued to transfer substantial additional numbers of sessions away from Corporate Plaintiffs to North Country Kids, Inc., and to reduce the number of case referrals made to Corporate Plaintiffs. See id. ¶ 43. No such transfers of intervention sessions or reductions in referrals were made by County Defendants prior to Pyramids' and Dorsett-Felicelli's complaints. Id. ¶ 45.

On December 5, 2007, Pyramids filed a voluntary petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Northern District of New York. Dkt. No. 80-2. The petition did not list the instant action as an asset in the bankruptcy proceeding. See generally id. On October 6, 2009, the bankruptcy court dismissed Pyramids' bankruptcy proceeding. In re Dorsett-Felicelli, Inc., No. 07-13345-1, Dkt. No. 109 (Bankr. N.D.N.Y. Oct. 6, 2009).

**B. Procedural Background**

Corporate Plaintiffs commenced this action by filing a Complaint on September 30, 2004. Compl. The Complaint alleged three causes of action: (1) that County Defendants violated Corporate Plaintiffs' First Amendment right to free speech by transferring intervention sessions away from Corporate Plaintiffs and reducing case referrals to them in retaliation for Pyramids' and Dorsett-Felicelli's complaints; (2) that County Defendants violated Corporate Plaintiffs' First Amendment rights to petition the government for redress of grievances and for unimpeded access to the courts by taking those actions; and (3) that North Country Kids engaged in tortious interference with Corporate Plaintiffs' contractual relationship with County Defendants. Id. ¶¶ 69-74.

On March 12, 2009, Corporate Plaintiffs moved to amend and supplement the Complaint in

3

several respects. Dkt. No. 51 ("Motion to Amend"). The Honorable Randolph F. Treece, U.S. Magistrate Judge, granted in part and denied in part the Motion to Amend. Dkt. No. 73. Among other things, Judge Treece permitted Corporate Plaintiffs to add Dorsett-Felicelli as a Plaintiff with respect only to the first and second causes of action. Id. at 45. The Amended Complaint, in which Dorsett-Felicelli also asserts the first and second causes of action against County Defendants, was filed on October 2, 2009. Am. Compl.

On October 9, 2009, North Country Kids filed a Motion to dismiss all causes of action asserted against them in the Amended Complaint. Dkt. No. 80 ("NCK Motion to Dismiss"). The Court granted the Motion in full in the March 2011 Order. Mar. 2011 Order. The NCK Motion and NCK Letter Motion followed on April 19 and May 9, 2011, respectively. See North Country Kids' Mots. In their Motions, North Country Kids request entry of partial final judgment as to them, arguing that it would be unjust to force them to wait for final judgment until all causes of action asserted against County Defendants are also resolved. See Dkt. No. 112-3 at 1. Corporate Plaintiffs, which are not currently represented by counsel, do not oppose North Country Kids' Motions.[1] See generally Dkt.

County Defendants filed their Motion to dismiss on May 16, 2011. Cnty. Defs.' Mot. In their Motion, County Defendants request dismissal of all causes of action asserted against them in the Amended Complaint by Corporate Plaintiffs. See id. Corporate Plaintiffs do not oppose County Defendants' Motion. See generally Dkt.

---

[1] Corporate Plaintiffs were represented throughout much of this litigation by attorney Meredith H. Savitt ("Savitt"). See generally Dkt. Shortly after the Amended Complaint was filed, however, Savitt filed a Motion to withdraw from the case. Dkt. No. 83. Judge Treece granted the Motion on November 18, 2009. Dkt. No. 87. Plaintiffs have been without counsel since that time. See generally Dkt.

4

**IV. DISCUSSION**

**A. County Defendants' Motion to Dismiss**

County Defendants contend that Corporate Plaintiffs' first and second causes of action must be dismissed under the doctrine of law of the case. Dkt. No. 117-2 ("Memorandum") at 1-2. In its March 2011 Order, the Court dismissed Corporate Plaintiffs' tortious-interference cause of action for several reasons including because Pyramids failed to list this action as an asset in the bankruptcy proceeding. Mar. 2011 Order at 7-8. According to County Defendants, the same reasoning applies to preclude Corporate Plaintiffs from maintaining their first and second causes of action against County Defendants. Mem. at 1-2. The Court agrees.

"As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should generally continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). The primary grounds justifying reconsideration of a previous decision are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478, at 790 (1981)). "Application of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to judgment." Aramony v. United Way of Am., 254 F.3d 403, 410 (2d Cir. 2001); RSL Commc'ns, PLC v. Bildirici, 649 F. Supp. 2d 184, 204 (S.D.N.Y. 2009).

"For purposes of applying the law of the case doctrine, courts have long recognized the distinction between pre-discovery motions, based on an undeveloped record, and post-discovery motions for summary judgment." Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,

759 F. Supp. 2d 417, 424-25 (S.D.N.Y. 2010) (citing DiLaura v. Power Auth., 982 F.2d 73, 76-77 (2d Cir. 1992) (holding that findings made by a court for the purpose of injunctive relief are not the law of the case for subsequent litigation on the merits); Clalit Health Serv. v. Israel Humanitarian Found., 385 F. Supp. 2d 392, 398 n.8 (S.D.N.Y. 2005) (holding that a pre-discovery determination on a motion to dismiss is not the law of the case for purposes of summary judgment); Colonial Tanning Corp. v. Home Indem. Co., 780 F. Supp. 906, 911-12 (N.D.N.Y. 1991) (holding that a prior ruling in the context of a discovery dispute did not establish law of the case with respect to unrelated issues which the court had merely assumed for purposes of addressing the disputes, but which were not critical for resolution of the dispute)).

The Court cannot discern a reason why its previous decision on the consequences of Pyramids' failure to list this action as an asset in the bankruptcy proceeding should not also apply in the context of County Defendants' Motion. Plaintiffs do not oppose County Defendants' Motion[2] and therefore do not make any arguments that the Court should reconsider its March 2011 Order because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Atl. Airways, 956 F.2d at 1255. Furthermore, because the Court's March 2011 Order addressed North Country Kids' Motion to dismiss, this is not a situation in which applying a legal conclusion from that Order to resolve County Defendants' Motion would be inappropriate. Both Motions were made at the same stage of the litigation, and the relevant legal

---

[2] Indeed, Corporate Plaintiffs *could not* oppose County Defendants' Motion because at the time it was filed Corporate Plaintiffs were not represented by counsel, and "[a] corporation is not allowed to appear in federal court except by a licensed attorney." United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 91 (2d Cir. 2011) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993)). Corporate Plaintiffs had approximately one and one half years between Savitt's withdrawal and the filing of County Defendants' Motion to obtain new counsel, but they failed to do so.

conclusion applies broadly enough to preclude all of Corporate Plaintiffs' causes of action, not just the one at issue in the March 2011 Order.

Accordingly, the Court dismisses with prejudice Corporate Plaintiffs' first and second causes of action against County Defendants for failure to list this action as an asset during the bankruptcy proceeding.

### B. *Sua Sponte* Dismissal of Dorsett-Felicelli's Causes of Action

Local Rule 41.2(a) of the Northern District of New York permits a court to *sua sponte* dismiss an action "[w]henever it appears that the plaintiff has failed to prosecute [it] diligently." L.R. 41.2(a); see also FED. R. CIV. P. 41(b). "[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." L.R. 41.2(a).

There is abundant reason to conclude that Dorsett-Felicelli has failed to diligently prosecute her causes of action against County Defendants. Dorsett-Felicelli last appeared in this case on April 26, 2011, in a telephone conference with Judge Treece. See Dkt No. 111; Minute Entry entered Apr. 26, 2011. And not since a Letter submitted to Judge Treece on March 25, 2010, has Dorsett-Felicelli filed a letter or motion or made any other type of formal written request of the Court. Dkt. No. 104. See generally Dkt. County Defendants' March 30, 2011 Status Report indicates, furthermore, that the parties had engaged in virtually no discovery up to that point, and there is nothing in the Docket that suggests discovery has progressed any further since. Dkt. No. 110. See generally Dkt. Thus, it has been more than two years—well beyond the four months necessary for the presumption of nonprosecution to come into effect—since Dorsett-Felicelli has taken any kind of action in this case.

Accordingly, while the Court is mindful of Dorsett-Felicelli's *pro se* status and the special solicitude that is accordingly owed to her, see, e.g., Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir.

2010), the Court dismisses without prejudice Dorsett-Felicelli's first and second causes of action against County Defendants for failure to prosecute.

### C. North Country Kids' Motions for Entry of Partial Final Judgment

Because all causes of action asserted against County Defendants in the Amended Complaint have been dismissed herein, and thus the Amended Complaint has now been dismissed in its entirety, the Court denies as moot North Country Kids' Motions for entry of partial final judgment as to them.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that County Defendants' Motion (Dkt. No. 117) to dismiss the Amended Complaint (Dkt. No. 74) as to Corporate Plaintiffs' first and second causes of action is **GRANTED**. The Amended Complaint (Dkt. No. 74) accordingly is **DISMISSED with prejudice** as to Corporate Plaintiffs' first and second causes of action; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 74) is *sua sponte* **DISMISSED without prejudice** as to Dorsett-Felicelli's first and second causes of action for failure to prosecute; and it is further

**ORDERED**, that North Country Kids' Motions (Dkt. Nos. 112; 115) for entry of partial final judgment are **DENIED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

Dated:      July 29, 2013
             Albany, NY

Lawrence E. Kahn
U.S. District Judge